UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE No.: 2:23 CR 198 (MAK) |
| | | **DEFENDANT JOSEPH** |
| -against- | | **LAFORTE'S MEMORANDUM** |
| | | **IN RESPONSE TO THE** |
| JOSEPH LAFORTE, | : | **COURT'S ORDER OF 11/8/23,** |
| Defendant | : | **ECF # 102, AND TO THE** |
| | | **LETTER FROM THE FDC,** |
| | | **ECF # 102 p. 2 - 3** |

-------------------------------------------------------------X

Pursuant to the Court's Order dated November 8, 2023, ECF # 102 p. 1, Defendant

Joseph LaForte ("LAFORTE"), by and through the undersigned counsel, submits this response to

the Letter from Alisha Gallagher, Esq. ("Gallagher") of the Federal Detention Center ("FDC"),

("FDC's Letter") ECF # 102 at p. 2 – 3, and to the Court's Order.

## BACKGROUND

Defendant filed a Motion, ECF # 100, asking the Court to: (1) permit the defendant to

maintain possession of wallet drives[1] containing discovery that he is currently required to check

out from a member of his unit team each time and (2) increase his access to a defense provided

laptop containing additional discovery from 2 hours per week to 10 hours per week. Defendant

James LaForte then joined in Mr. LAFORTE'S Motion. ECF # 101.

According to the FDC's Letter, the FDC "takes no position" regarding the request for Mr.

LAFORTE to maintain possession of the wallet drives,[2] provided that the Court amend the

---

[1] Should the Court grant the Motion, we request that the order extend to any replacements of the wallet drives. As per the Motion, p. 4, Mr. LaForte has received error messages when attempting to open the drives, as each of the drives prompt him for a password that the Government advised does not exist. Just today, Mr. LaForte received access to three new wallet drives for the first time, and again was unable to open any of these drives because the computer prompts him for a password that he does not have.
[2] FDC's Letter, ECF # 102 p. 3 (emphasis added).

Protective Order governing the materials on the wallet drives. The FDC only opposes the other request for relief (increasing Mr. LaForte's access to the laptop). ECF # 102, p. 3. In contrast, the Government takes no position regarding access to the laptop[3] but opposes the defendant's request to maintain possession of the wallet drives.

The FDC's Letter represents that the shared computer which Mr. LAFORTE would currently have to use in order to access the wallet drives "is available for inmate use from 6:00 a.m. to 9:35 p.m. daily." FDC's Letter, ECF # 102 p. 2.

This is a misstatement of fact. The reality is that inmates' access to the shared computer is significantly less. Inmates are not released from their cells before approximately 6:30 a.m. The inmates are sent first to breakfast.

The room that houses the shared computer at issue remains locked until **all** the inmates have returned their breakfast trays. Once the room is unlocked, orderlies are given priority in using the room. This means that inmates have from perhaps 7:00 a.m. or 7:30 a.m. to 10:30 a.m. or 11:00 a.m. to use the room before it is once again locked up for lunch.

As with breakfast, the room housing the shared computer remains locked during lunch until all inmates' trays have been returned. Again, when the room is opened, the orderlies are permitted to use it first. This means that after lunch, the inmates have perhaps from 11:30 a.m. or noon to 3:00 or 3:30 p.m. to use the room.

The room is then locked down for the daily afternoon count. At present, Mr. LaForte cannot review the wallet drives after the afternoon count. This is because he is currently required to check the wallet drives out from his unit team, and his unit team is not available—their office hours end by the time the count does.

---

[3] November 8, 2023 Email from Government to Chambers and Deputy Clerk.

So, no, Mr. LAFORTE does <u>not</u> have access to the wallet drives from 6:00 a.m. to 9:35 p.m. Mr. LAFORTE has no access to the drives after 3:30 p.m. and, on days when he is able to reach his unit team, only intermittent access to the drives between 7:00 a.m. and 3:30 p.m.

On days when he cannot reach his unit team (whether because of a lockdown or because his unit team is out of the office or otherwise unavailable), Mr. LAFORTE is not able to access the wallet drives at all. He was not able to meet with a member of his unit team on, for example, Friday, November 3, Saturday, November 4, Sunday, November 5, or Monday, November 6, 2023, or Wednesday, November 8, 2023.

In any event, it is misleading for the FDC to focus on the number of hours that Mr. LAFORTE allegedly has access to the wallet drives because the BOP does not object to Mr. LAFORTE being given possession of the drives. FDC's Letter ECF # 102, p. 3. Their objection is to Mr. LAFORTE having increased time with a laptop that contains 10 TB of discovery that is **<u>not</u>** contained on any of the wallet drives.

The FDC states that the defense first asked for additional access to the laptop on October 26, 2023. That is incorrect. Mr. LAFORTE first had access to the laptop on October 24, 2023. By that time, he had already verbally asked his unit team on October 16, 2023 to expand the weekly time block with the laptop.[4] Defense counsel had also emailed the Government regarding same on October 23, 2023, and the Government communicated this to the FDC the same day, as evinced by an email from the Government dated October 23, 2023, stating, "Alisha [Gallagher] said that she is happy to revisit the two-hour block once Joe and Jimmy [LaForte] use the laptop and can give some feedback about the time period." Ex. C to Motion – October 23, 2023 Email Exchange with Government - ECF #100-4 p. 1.

---

[4] Ms. Gallagher disputes that this occurred. FDC's Letter, ECF # 102 p. 2 - 3.

The Court's Order of November 8, 2023 granted the parties leave to respond to the FDC's letter and "to address the role of the Court in the management of the Detention Center." Court's Order, ECF # 102, p. 1.

## DISCUSSION

In a recent decision, the Third Circuit Court of Appeals explained that "[t]he BOP, under the Attorney General, is tasked with managing and regulating all federal prison facilities. 18 U.S.C. § 4042(a)(1) (2018)… Congress intended for the BOP to control conditions of confinement of all incarcerated individuals," United States v. Diaz, 66 F.4th 435, 442 – 443 (3d Cir. 2023). While district courts can make recommendations to the Bureau of Prisons, courts are "disallowed from impeding the authority of the BOP." 66 F.4th 435 at 446.

Although Diaz is a recent case, this is not a new concept. The Southern District of New York recognized in 2012 "that courts are loathe to interfere with questions of prison administration, an area in which the BOP is best suited to make decisions," United States v. Bout, 860 F. Supp. 2d 303, 311 (S.D.N.Y. 2012). See also Curran v. Hollingsworth, 2015 U.S. Dist. LEXIS 80858, *6, 2015 WL 3875544 (D.N.J. June 23, 2015) ("interfering with [BOP's] ability to oversee the orderly administration of its facilities… an intrusion by the Court into an area delegated to the BOP… is… not in the public interest").

In sum, to address the issue raised by the Court on November 8th, the Court has little to no role in *managing* the Detention Center, as *management* of BOP facilities is left to the BOP.

However, Mr. LAFORTE's Motion, ECF # 100, does not require the Court to interfere with the management of the FDC. First, we wish to emphasize that the FDC explicitly does not object to permitting Mr. LAFORTE to maintain possession of the wallet drives, provided that the Court modify the Protective Order in this matter. ECF # 102 p. 3. The only opposition

concerning the wallet drives comes from the Government, and hence the Court has clear authority over this issue.

The FDC explains that the laptop can only be viewed in the visitation room, not in the defendant's unit, "for security reasons," ECF # 102, p. 2 – 3. But Mr. LAFORTE's Motion does <u>not</u> request that the laptop be viewed outside of the visitation room. ECF # 100. The FDC's Letter is thus addressing a request that the defense made in a teleconference with the FDC and the Government—<u>not</u> a request that the defendant made to the Court.

In contrast, the FDC is not concerned that increasing Mr. LAFORTE'S access—in the visitation room—to the laptop purchased by the defense will raise a security risk. Nor is the FDC opposed to the possibility of ever increasing Mr. LAFORTE'S access to the laptop. Rather, the FDC is opposed to the request "**<u>at this time</u>**… and would consider increasing once LaForte started to review the material and felt he needed increased time." FDC's Letter, ECF # 102, p. 3 (emphasis added).

In short, the FDC's position is not that he cannot be granted more time with the laptop due to security or management concerns, but rather to wait and see and reassess sometime in the future. The problem is that it has already been **<u>months</u>** since the defense purchased the laptop for Mr. LAFORTE on August 4, 2023, yet he first received access to the laptop on October 24, 2023 (the week before our teleconference with the FDC).

We explained to the FDC on October 31, 2023 that there is no need for a further delay to assess whether 2 hours per week is adequate because Mr. LAFORTE already knows that 2 hours per week is inadequate to review the voluminous emails produced on the defense provided laptop. The defendant's trial date in April of 2024 grows ever closer. There are mountains of

discovery for Mr. LAFORTE to review and analyze in preparation for his trial date in April of 2024.

Furthermore, as the Court's Order of August 2, 2023 that the FDC allow the defendant to have some time with the defense provided laptop did not interfere with the BOP's management of the FDC, and since the BOP's position boils down to not "*at this time,*"[5] rather than "not at all," we respectfully submit it is well within the Court's purview to order that Mr. LAFORTE's time with the defense provided laptop be expanded at this time.

## CONCLUSION

Although it is true that if the Court has any role in management of the FDC, it is a very limited one, Defendant JOSEPH LAFORTE continues to seek the relief sought in his Motion, ECF # 100, as:

- The FDC does not oppose the request for the Defendant to maintain possession of the drives, so long as the Court modifies the Protective Order accordingly and

- The FDC's position concerning the access to the laptop is that the BOP needs to wait and see whether 2 hours per week with the laptop is sufficient for Mr. LAFORTE. See FDC's Letter ECF # 102, p. 3 ("I stated… at this time the request… was denied. I also informed him that the Unit Manager and I will… consider increasing once LaForte started to review the material and felt he needed increased time").

Mr. LAFORTE does not need to wait and see; he is well aware now that 2 hours per week with 10 TB of emails is woefully inadequate to prepare for trial in April, and he has

---

[5] FDC's Letter, ECF # 102 p. 3 (emphasis added).

already been waiting since **August** 8, 2023 (when the Government confirmed receipt of the laptop, <u>see</u> Email from Government dated August 8, 2023, ECF # 100-2).

It is hardly Mr. LAFORTE'S fault that the Government did not deliver the laptop to the FDC until September 29, 2023,[6] or that it was almost another month until the FDC actually gave Mr. LAFORTE any access to the laptop whatsoever. (Nor is it his fault that Mr. LAFORTE was unaware until October that wallet drives were in his unit team's possession. At any rate, as there is 10 TB of emails on the laptop that are not available on the wallet drives, when Mr. LAFORTE began accessing the wallet drives should have absolutely nothing to do with how much time he is permitted with the laptop.)

Wherefore, we respectfully request that the Court grant Mr. LAFORTE's Motion, ECF #100, in its entirety and modify the Protective Order accordingly if necessary.


Dated: New York, New York                    Respectfully submitted,
        November 14, 2023


RUBINSTEIN & COROZZO LLP           MCMONAGLE, PERRI, MCHUGH &
                                   MISCHAK


By:   */s/ Joseph R. Corozzo*          By:   */s/ Brian McMonagle*
      Joseph R. Corozzo                      Brian McMonagle
      260 Madison Avenue, 22nd floor         1845 Walnut Street, 19th floor
      New York, New York 10016               Philadelphia, Pennsylvania 19103
      212-545-8777                           215-981-0999
      jcorozzo@rubcorlaw.com                 bmcmonagle@mpmpc.com
      *Pro Hac Vice Counsel for Defendant Joseph*   *Counsel for Defendant Joseph LaForte*
      *LaForte*

---

[6] 10/12/23 Tr. p. 14, L. 14 – 18.