UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
---------------------------------------------------------------X
UNITED STATES OF AMERICA                  :        CASE No.: 2:23 CR 198 (MAK)

      -against-

JOSEPH LAFORTE,                                          :
                    Defendant          :

---------------------------------------------------------------X

## MOTION FOR A CONTINUANCE

      Defendant JOSEPH LAFORTE ("LAFORTE"), by and through his attorneys, moves for an Order granting a continuance of his trial from April to the Fall of 2024. Mr. LaForte's signed Speedy Trial Waiver accompanies this Motion.

      On August 2, 2023, the Court granted the parties' joint motion for an Order Directing the FDC to Permit Defendants to Review Discovery on a Defense-Provided Laptop. ECF # 71. On October 16, 2023, the FDC first scheduled a time block for Mr. LaForte to be able to access the laptop. On October 24, 2023, Mr. LaForte first received access to the defense-provided laptop. Motion to Increase Access to Discovery, ECF # 100, p. 2.

      On November 7, 2023, Mr. LaForte filed a Motion to Increase his Access to Discovery, ECF # 100, requesting increased access to the laptop and permission to maintain possession of wallet drives that are kept in the possession of his Unit Team.

      The laptop contains discovery that is **not** accessible from the wallet drives—namely, ten terabytes of emails, which is the equivalent of hundreds of millions of pages of text.[1] (As the

---

[1] One terabyte alone is the equivalent of "over 83.3 million pages of text," "*How Many Files Can I Store?*", University of Alaska Anchorage, Available at: https://service.alaska.edu/TDClient/36/Portal/KB/ArticleDet?ID=95#:~:text=A%20Terabyte%20(TB)%20is%20equal,83.3%20million%20pages%20of%20text. (Created on: 4/20/20, Modified

1

Court has found, Mr. LaForte has also experienced trouble accessing the wallet drives. Order, ECF # 107.) Per the Government, "the emails are too big to put on the wallet drives, so they can only be viewed in the visitation room on the laptop," 12/11/23 Hearing Tr. p. 12, L. 6 – 9.

Other discovery includes, *inter alia,* over 45,000 pages of law enforcement reports and attachments;[2] more than 65,000 pages of records from Co-defendant Complete Business Solutions Group, Inc.,[3] several electronic devices seized from the personal residences of Mr. LaForte and his wife,[4] electronic devices from third parties, recordings and transcripts,[5] and responses to grand jury subpoenas.[6]

Complicating the review of discovery is that many documents are not bates stamped,[7] and have not been searchable.[8] (However, we are conferring with the U.S. Attorney's Office about the defense's ability to access discovery through Eclipse, a discovery review platform that the Government has shared with the defense.)

The Court denied the motion on November 17, 2023, finding that "Defendant Joseph Laforte accurately reported concerns in accessing the wallet drives and the Federal Detention Center has taken steps to correct this confusion but not finding a basis to allow unfettered access to discovery on the units or to provide extraordinary accommodations to these incarcerated Defendants given the amount of discovery produced to counsel and the unique access to a private defense provided laptop in the Facility." Order, ECF # 107, p. 1.

---

on: 7/13/22, Visited on: October 2, 2023). The emails that are only available to Mr. LaForte through the defense-provided laptop are 10 times as voluminous.
[2] Status Report dated August 28, 2023, ECF # 76, p. 4.
[3] 7/18/23 Status Report, ECF # 66, p. 4.
[4] 8/28/23 Status Report, ECF # 76, p. 3.
[5] 8/28/23 Status Report p. 1 – 2.
[6] 7/18/23 Status Report p. 2..
[7] 12/11/23 Hearing Tr. p. 40, L. 2 – 3.
[8] 12/11/23 Hearing Tr. p. 41, L. 9 – 13.

On November 24, 2023, Mr. LaForte filed a Motion to Revoke the Pretrial Detention Order. ECF # 108. In this motion, Mr. LaForte had argued, *inter alia*, that the Court should temporarily release him pursuant to 18 U.S.C. § 3142(i), on the ground that his release was necessary in order to prepare for trial.

A hearing on that application was held on December 11, 2023, during which the Government argued that the defendant's temporary release was not necessary to prepare for trial because "I believe Judge Kenney, in <u>Cammarata</u>, you know, stated defense counsel and defendant, they haven't -- they haven't exercised all of their other options; for example, **a motion for a continuance**. I'm not suggesting that defense counsel file a motion for continuance, but Judge Kenney, in the opinion, said that's an option to make sure there's more time to review discovery." 12/11/23 Hearing Tr. p. 71, L. 9 – 17 (emphasis added).

The Court thereafter denied the Motion to Revoke the Pretrial Detention Order on December 15, 2023. Order, ECF # 119, Memorandum including Findings of Fact and Conclusions of Law, ECF # 118.

Since then, in the thirty days preceding January 11, 2024, Mr. LaForte had access to the defense-provided laptop on only one occasion, and then for only one hour. As a reminder, Mr. LaForte is only permitted to access the defense-provided laptop in the visitation room of the Federal Detention Center ("FDC"). One presumes that heightened competition for use of the visitation room in the period surrounding the December holidays played a factor in Mr. LaForte having had access to the laptop for a total of only 1 hour in a thirty day period.

The defense has requested additional discovery from the Government. Defense counsel and the Government have been conferring about the discovery request. In a telephone conversation on January 22, 2024, the Government represented that the U.S. Attorney's Office

3

will reach out to the Securities & Exchange Commission in an effort to obtain requested materials and provide them to the defense pursuant to Fed. R. Crim. Pro. 16.

The United States of America, through the U.S. Attorney's Office, consents to this application for a continuance. The Government has informed defense counsel that a superseding indictment will be brought in the near future.

Counsel for co-defendant James LaForte has informed us that:

- Mr. James LaForte remains detained at the Metropolitan Detention Center in Brooklyn, New York,
- That as a result, James LaForte has not had access to his discovery in this matter for a very long time (well over a month); that James LaForte therefore will be joining in this motion for a continuance and, accordingly, has executed a Speedy Trial Waiver.

Co-defendant Complete Business Solutions Group, Inc., d/b/a Par Funding ("Par"), through the company's attorney, has represented that Par takes no position on this application.

Co-defendant Lisa McElhone ("McElhone"), by and through her attorneys, does not oppose this application.

We have not received a response from counsel for co-defendant Joseph Cole Barleta to our inquiry as to their client's position on this motion for a continuance. However, we are aware that Joseph Cole Barleta's counsel moved to withdraw from this matter on December 22, 2023. Motion to Withdraw, ECF Doc. # 122.

Here, the ends of justice served by granting a continuance of the trial outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Factors supporting a continuance include that "the failure to grant such a continuance… would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice,"

§3161(h)(7)(B)(i), and that "the case is so unusual or so complex… that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." § 3161(h)(7)(B)(ii). On June 8, 2023, the Court granted the Government's unopposed motion to designate this matter a complex case. Mr. LaForte is currently charged with 56 counts with alleged offense conduct spanning years, and a superseding indictment is expected. While discovery is already voluminous—again, the emails alone are the equivalent of hundreds of millions of pages—we have requested still more discovery from the Government and are in the process of conferring with the Government regarding this. And while we acknowledge that the Government, the defendant, the Court and the FDC have made efforts to facilitate Mr. LaForte's access to discovery at the FDC, nevertheless Mr. LaForte has experienced continued difficulty in accessing his discovery while incarcerated.

As stated *supra,* on information and belief, his co-defendant, James LaForte, who is expected to join in this motion, has had <u>no access</u> to his discovery in this matter since his transference to the Metropolitan Detention Center in New York, where he remains detained.

For the reasons stated above, it is unreasonable to expect the incarcerated defendants to be adequately prepared for trial by April.

WHEREFORE, we respectfully request that the trial currently scheduled for April 2024 be continued to a date in the Fall of 2024 at the Court's convenience.

Dated: January 24, 2024                                          Respectfully submitted,


/s/ *Joseph R. Corozzo*                                          /s/ *Brian McMonagle*
Joseph R. Corozzo                                                Brian McMonagle
RUBINSTEIN & COROZZO LLP                                         MCMONAGLE, PERRI, MCHUGH &
212-545-8777                                                     MISCHAK
*Pro Hac Vice Counsel for Defendant*                             *Counsel for Defendant*
*Joseph LaForte*                                                 *Joseph LaForte*